[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10801

Non-Argument Calendar

_____

AKEEM MUHAMMAD,

Plaintiff-Appellant,

*versus*

JULIE JONES,
Individually,
M.D. OLUGBENGA OGUNSANWO,
Individually as former director of Medical and
Mental Health Services for the Fla. Dept. of Corr.,
THOMAS REIMERS,
Individually and officially as Director of Health Services
for the Fla. Dept. of Corr.,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

2                    Opinion of the Court                    22-10801

Defendants-Appellees,

M.D. E. PEREZ,
Chief Health Officer, Union Corr. Inst.,
In his individual and official capacities,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cv-01436-MMH-PDB

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Akeem Muhammad, a Florida prisoner proceeding *pro se*, sued several prison officials, alleging that they violated his constitutional rights when they failed to provide him with a particular medical treatment. He appeals from a district court order granting summary judgment to the prison officials on the ground that Muhammad failed to establish that the officials acted with deliberate indifference. After careful consideration, we affirm.

# I.

Muhammad suffers from a paraphilic disorder, a psychiatric disorder characterized by persistent urges, fantasies, or behavior involving coercive sexual acts toward nonconsenting persons.[1] While incarcerated, Muhammad sought treatment for his condition. Although prison officials have provided treatment to Muhammad, including medication in the form of selective serotonin reuptake inhibitors ("SSRIs") and regular counseling sessions, they have refused to provide him with his preferred course of treatment, antiandrogen therapy. Muhammad believes that this form of hormone treatment, which reduces the level of testosterone in the body, would control his sexual urges.

Muhammad sued several prison officials pursuant to 42 U.S.C. § 1983, alleging that by failing to provide him with antiandrogen therapy the prison officials had been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He sought damages as well as an injunction.

After the parties engaged in a lengthy period of discovery, the prison officials moved for summary judgment. In a thorough

---

[1] Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

order, the district court granted the summary judgment motion. This is Muhammad's appeal.[2]

## II.

We review *de novo* a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. It prohibits, among other things, "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Under the Eighth Amendment, "[f]ederal and state governments

---

[2] We note that the prison officials did not file a brief in this appeal. See 11th Cir. R. 42-2(f) ("When an appellee fails to file a brief by the due date . . . the appeal will be submitted to the court for decision without further delay[.]").

. . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To meet the first prong, a plaintiff must demonstrate an "objectively serious medical need," meaning "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and, in either instance, "one that, if left unattended, poses a substantial risk of serious harm." *Id.* (alteration adopted) (internal quotation marks omitted).

To satisfy the second, subjective prong, a plaintiff must prove that the prison officials "acted with deliberate indifference to [his serious medical] need." *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1234 (11th Cir. 2010) (internal quotation marks omitted). A plaintiff must demonstrate that "prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (internal quotation marks omitted). This standard "is far more onerous than normal tort-based standards of conduct sounding in negligence and is in fact akin to subjective recklessness as used in the criminal law." *Id.* at 1271 (internal quotation marks omitted). Medical care violates the Eighth Amendment "only when it is so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505 (internal quotation marks omitted). "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not establish deliberate indifference. *Id.*

Here, the district court properly granted summary judgment to the prison official defendants. The evidence, even when viewed in the light most favorable to Muhammad, does not establish a genuine dispute as to whether the prison officials acted with deliberate indifference. This is not a case where the prison officials utterly failed to treat Muhammad's medical condition. Instead, the record demonstrates that they provided Muhammad with treatment for paraphilia in the form of medication, including SSRIs, and counseling. The record also reflects that this course of treatment was an accepted standard of care for treating paraphilia. And the record shows that the SSRIs were somewhat effective in controlling Muhammad's sexual desires.[3]

Muhammad nevertheless argues that the prison officials acted with deliberate indifference because they refused to provide him with antiandrogen therapy. Certainly, the record includes evidence that antiandrogen therapy may be effective in treating paraphilia. But the record reflects that antiandrogen therapy is one of

---

[3] Although there is no indication that the counseling helped Muhammad, the record reflects that he at times refused to participate in his counseling sessions.

22-10801              Opinion of the Court                    7

several options available to treat this condition. The fact that Muhammad was not provided with his preferred treatment out of a range of options does not establish that the prison officials acted with deliberate indifference. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [the plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Hoffer*, 973 F.3d at 1272 (explaining that when a "prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law" (internal quotation marks omitted)).[4]

We emphasize that under the deliberate indifference standard, the relevant question is not whether "in the best of all possible worlds," a person with paraphilia "should receive treatment with" antiandrogen therapy. *Hoffer*, 973 F.3d at 1271–72. Rather, because Muhammad has invoked the Eighth Amendment, "the sole

---

[4] Muhammad argues that the evidence, when viewed in the light most favorable to him, shows that the prison mental health officials adopted a policy that prohibited the use of antiandrogen therapy to treat paraphilia. Even assuming for purposes of this appeal that Muhammad is correct and such a policy existed, Muhammad still must show that the prison officials acted with "more than gross negligence" when they refused to provide him with this treatment. *Hoffer*, 973 F.3d at 1270 (internal quotation marks omitted). Because, as we explained above, he cannot show that the failure to provide him with antiandrogen therapy was more than gross negligence, we conclude that the district court properly granted summary judgment.

question before us is whether the [prison officials'] approach to" treating Muhammad with medication and counseling, as opposed to antiandrogen therapy, was "so reckless" or "conscience-shocking" that it violated the Constitution. *Id.* at 1272. And even viewing the evidence in the light most favorable to Muhammad, we cannot say that this choice of treatment was reckless or conscience shocking.

## IV.

For the reasons set forth above, we affirm the district court.[5]

**AFFIRMED.**

---

[5] Muhammad raises several other issues on appeal, challenging orders that the district court entered prior to granting summary judgment. He argues that the district court abused its discretion when it permitted his appointed counsel to withdraw from the case, denied his motion to appoint new counsel for a limited purpose, denied his motion seeking appointment of a medical expert, denied his motion to reinstate a motion to compel, denied five motions to compel, and refused to extend the deadline for discovery. We have carefully considered each of these issues and cannot say that the district court abused its discretion.